UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOEL R. BUISSERETH,

                        Plaintiff,

v.                                              5:15-CV-1358
                                                (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

STANLEY LAW OFFICES                             STEPHANIE VISCELLI, ESQ.
  Counsel for Plaintiff
215 Burnet Ave.
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                     VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

        This matter was referred for report and recommendation by the Honorable Judge

Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(d).  (Dkt. No. 16.)  This case has proceeded in accordance with General

Order 18.

        Currently before the Court, in this Social Security action filed by Joel R.

Buissereth ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 10, 15.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was 42 at the time of the hearing. (T. 804.) He completed the seventh grade. (T. 805.)[1] Generally, Plaintiff's alleged disability consists of sleep apnea, breathing disorder, high blood pressure, diabetes, depression, right shoulder injury, chest pain, and dizziness. (T. 112.) His alleged disability onset date is December 10, 2009. (T. 110.) He previously worked as a forklift operator and security guard. (T. 111.)

### B. Procedural History

On September 1, 2010, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 66.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 1, 2014, Plaintiff appeared before the ALJ, Harry E. Siegrist. (T. 795-824.) On June 23, 2014, ALJ Siegrist issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 11-24.) On October 27, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

---

[1]　　　Elsewhere the record indicated that Plaintiff had some college (T. 110, 393) and had a high school education (T. 302). However, the ALJ determined that Plaintiff had "limited education." (T. 23.) Neither party takes issue with the ALJ's determination.

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 16-24.)  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2010.  (T. 16.)  Second, the ALJ found that Plaintiff had the severe impairments of degenerative joint disease of the knees and shoulders, sleep apnea, unilateral femoral hernia, morbid obesity, history of low back pain, history of congestive heart failure, hypertension, psychotic disorder, personality disorder, and polysubstance abuse.  (*Id.*)  Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 17-19.)  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work[2], except he should never climb ramps and stairs, balance, stoop, kneel, crouch, or crawl.  (T. 19.)  Further, the ALJ determined that Plaintiff should avoid all exposure to hazardous machinery and unprotected heights.  (*Id.*)  The ALJ found that Plaintiff could perform work limited to simple, routine, and repetitive tasks, and required a low stress job defined as having no fixed production quotas, involving only simple work-related decisions with few if any work place changes, and he could have only occasional interaction with the public and co-workers.  (*Id.*)  Fifth, the ALJ determined that Plaintiff was incapable of performing his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-24.)

---

[2]     Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes three separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ's RFC determination was the product of legal error and not supported by substantial evidence.  (Dkt. No. 10 at 6-9 [Pl.'s Mem. of Law].)  Second, Plaintiff argues the ALJ did not evaluate Plaintiff's subjective statements in accordance with the relevant legal standards.  (*Id.* at 9-12.)  Third, and lastly, Plaintiff argues the ALJ did not meet his burden at step five because the hypothetical question posed to the vocational expert ("VE") did not represent an accurate and complete description of Plaintiff's limitations.  (*Id.* at 12-13.)

### B.    Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues the ALJ correctly assessed Plaintiff's RFC.  (Dkt. No. 15 at 7-10 [Def.'s Mem. of Law].)  Second, Defendant argues the ALJ properly assessed Plaintiff's credibility.  (*Id.* at 10-14.)  Third, and lastly, Defendant argues that the ALJ's step five determination was proper.  (*Id.* at 14-16.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a de novo review."

*Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

## A.    The ALJ's RFC Determination

Plaintiff's RFC is the most he can still do despite his limitations.  20 C.F.R. § 416.945(a)(1).  In making an RFC determination, the ALJ will base his determination on an assessment of all the relevant evidence in the case record.  *See id.*  Further, Plaintiff's RFC is his maximum remaining ability to do sustained work activities in an ordinary setting on a regular and continuing basis.  *See id.* at § 416.945(b)-(c).  "A regular and continuing basis means eight hours a day, for five days a week, or an equivalent work schedule."  *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009).

Plaintiff argues that the ALJ's RFC determination was the product of legal error because there was no medical opinion evidence in the record to support his determination and without an opinion there was a gap in the record requiring remand. (Dkt. No. 10 at 6-9 [Pl.'s Mem. of Law].)

An ALJ does not necessarily need to have a medical opinion in order to make an RFC determination. The Second Circuit has held that where an ALJ rejects a treating source's medical assessment the ALJ's RFC determination may still be supported by substantial evidence where the record contains sufficient evidence from which an ALJ can assess a plaintiff's RFC. *Monroe v. Comm'r of Soc. Sec.*, No. 16-1042-CV, 2017 WL 213363, at *3 (2d Cir. Jan. 18, 2017) (internal citations omitted). In *Monroe*, the Second Circuit concluded that although the ALJ rejected a treating source's medical opinion, and thus there was no medical source opinion directly supporting the ALJ's RFC determination, the ALJ's RFC determination was nonetheless supported by the doctor's treatment notations which included descriptions of the plaintiff's symptoms and contemporaneous medical assessments of the plaintiff's functional capacity. *Monroe*, 2017 WL 213363 at *3.

Lack of a medical source opinion further does not necessarily constitute a gap in the record requiring remand. The Second Circuit has held that "remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.,* 521 F. App'x 29, 34 (2d Cir. 2013).

In addition, the ALJ is entitled to rely on the medical evidence as a whole in formulating Plaintiff's RFC.  *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.") Therefore, contrary to Plaintiff's assertion, the ALJ did not commit legal error in formulating his RFC determination and the ALJ was under no obligation to obtain additional information because the record contained a complete medical history.

Plaintiff then makes a conclusory argument that the ALJ's RFC was not supported by substantial evidence.  (Dkt. No. 10 at 9 [Pl.'s Mem. of Law].)  Plaintiff provides no additional support for this argument.  As outlined in Defendant's brief, the ALJ's physical RFC determination was supported by the objective medical evidence in the record as well as Plaintiff's testimony and statement to providers.  (Dkt. No. 15 at 8 [Def.'s Mem. of Law].)  Indeed, the record showed that Plaintiff had full strength in his extremities, a normal gait, and full range of motion.  (T. 158, 253, 257, 299, 530, 534, 564, 775.)  Plaintiff was encouraged to exercise up to ninety minutes a day.  (T. 255.) Plaintiff testified that he could lift twenty pounds.  (T. 814.)  Therefore, treatment notations and Plaintiff's testimony constituted relevant evidence to support the ALJ's physical RFC determination.  *See Johnson v. Colvin*, No. 15-3483-CV, 2016 WL 5539890, at *2 (2d Cir. Sept. 29, 2016) (quoting *Richardson*, 402 U.S. at 401) ("Taken together, [Plaintiff's] testimony and [the treatment notes from Dr. Wnuk and his physician's assistant] constitute relevant evidence [that] a reasonable mind might accept

as adequate to support the RFC as determined by the ALJ.") (internal quotations omitted).

Further, as outlined by Defendant, the ALJ's mental RFC determination was supported by mental status examinations in the record and treatment records. (*Id.* at 9-10.) The record contained mental status examinations within the normal range. (T. 299, 339, 349, 350, 681, 692, 776-777.) The record also indicated that Plaintiff responded well to medication. (T. 737, 772.) Plaintiff informed Sharon Ashaunti, a case manager, that he socialized with others and volunteered 16 hours a week. (T. 393.)

Here, the ALJ did not commit legal error in formulating his RFC determination. Although there was no medical source opinion in the record, the record contained objective medical evidence, treatment notations, and Plaintiff's statements, upon which the ALJ could formulate an RFC determination. Therefore, it is recommended at the ALJ's RFC determination be upheld.

### B.    The ALJ's Credibility Determination

Plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms. *See* 20 C.F.R. § 416.929. First, the ALJ must determine whether, based on the objective medical evidence, Plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at § 416.929(a). Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit Plaintiff's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (5) other treatment Plaintiff receives or has received to relieve his pain or other symptoms; (6) any measures that Plaintiff takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii).

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms was not entirely credible. (T. 21.)

Plaintiff argues that the ALJ committed legal error in his credibility analysis because he failed to take into account Plaintiff's medication, the ALJ relied on Plaintiff's drug relapse to his determinant, and the ALJ failed to account for Plaintiff's need for

structured housing.  (Dkt. No. 10 at 9-12 [Pl.'s Mem. of Law].)  Here, the ALJ did not commit legal error in his credibility determination.

As an initial matter, where an ALJ's reasoning and adherence to the Regulations is clear, he is not required to explicitly go through each and every factor of the Regulation.  *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

First, contrary to Plaintiff's assertion, the ALJ specifically discussed Plaintiff's medication in his decision.  The ALJ discussed Plaintiff's use of medication to treat pain from his physical impairments.  (T. 19-20.)  The ALJ further discussed Plaintiff's medication for his mental impairments.  (T. 20, 21, 22.)  Therefore, Plaintiff's argument, that the ALJ committed legal error in failing to discuss Plaintiff's medication, fails.  The ALJ clearly discussed Plaintiff's use of medication in his decision.

Second, the ALJ did not fault Plaintiff for a drug relapse.  Here, the ALJ appropriately noted that Plaintiff's testimony regarding his drug use was inconsistent. (T. 22); *see Anthony v. Colvin*, No. 1:14-CV-0848, 2015 WL 5772980, at *13 (N.D.N.Y. Sept. 30, 2015) ("Although the ALJ may appropriately consider inconsistencies in the record regarding plaintiff's last drug or alcohol use, as well as drug-seeking behaviors, the ALJ did not rely exclusively on plaintiff's inconsistency in reporting her drug and alcohol use in assessing her credibility.").  Although the record contained a HUD application indicating Plaintiff's impairments impeded his ability to live independently (T. 402), the ALJ did not commit legal error in failing to mention this piece of evidence.  *See*

*Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").  Any error the ALJ may have made would be harmless because the ALJ relied on other factors in making his credibility determination and overall substantial evidence supported the ALJ's determination.

Overall, the ALJ did not commit legal error in his credibility analysis or determination.  The ALJ's credibility determination was made in accordance with the Regulations because in making his determination the ALJ thoroughly outlined Plaintiff's testimony and the ALJ relied on the objective medical evidence in the record, Plaintiff's treatment (including medications), Plaintiff's sporadic work history, and Plaintiff's activities of daily living.  (T. 19-22.)  Therefore, it is recommended that the ALJ's credibility determination be upheld.

## C.    The ALJ's Step Five Determination

Plaintiff argues that the ALJ's step five determination was made in error because the hypothetical questions presented to the VE at the hearing were based upon an RFC that did not accurately and completely describe Plaintiff's limitations.  (Dkt. No. 10 at 12-13 [Pl.'s Mem. of Law].)  Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the vocational expert that was based on that assessment. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553–54 (2d Cir.1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record).

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:      March 6, 2017

William B. Mitchell Carter
U.S. Magistrate Judge